**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4442

MICHAEL NEWKIRK,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-95-697)

Submitted: February 27, 1997

Decided: March 13, 1997

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Herbert W. Louthian, LOUTHIAN & LOUTHIAN, Columbia, South
Carolina, for Appellant. Nancy Elizabeth Caldwell, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Newkirk pleaded guilty to armed robbery of a vehicle in violation of 18 U.S.C. §§ 2, 2119 (1996), and possession of a firearm during the robbery in violation of 18 U.S.C. § 924(c)(1)-(2) (1996). The court sentenced Newkirk to forty-six months for the armed robbery count and the mandatory sixty months for the firearm count. The court also ordered Newkirk to make restitution in the amount of $562.66. Newkirk appeals his conviction and sentence. Newkirk's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but asserting that, in his view, there are no meritorious grounds for appeal. Newkirk was informed of his right to file a pro se supplemental brief, which he failed to file.

Newkirk complains that he received a sentence disproportionate in severity to that of co-defendants with more culpability and greater criminal histories. Thus, he claims that the district court erred by not departing downward from the applicable sentencing range. Sentencing courts are not required to consider the sentences of co-defendants. See United States v. Foutz, 865 F.2d 617, 621 (4th Cir. 1989). Furthermore, this court will not review a refusal to depart downward. See United States v. Bayerle, 898 F.2d 28, 30 (4th Cir. 1990).

Newkirk also asserts that the district court erred by enhancing his sentence with an upward adjustment for obstruction of justice. A district court's findings of fact in the sentencing process must be sustained if they are supported by a preponderance of the evidence, see United States v. Urrego-Linares, 879 F.2d 1234, 1237 (4th Cir. 1989), and the court's application of the guidelines when the issue is largely factual is reviewed under the clearly erroneous standard, see United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). We conclude that the evidence supports the district court's finding that Newkirk indirectly threatened co-defendant Vanover. The court's findings are based on crediting Latosha Nichole Vanover's testimony that Newkirk called her and made a threat against her brother, a co-defendant, and taking into account the fact that after the threat the Government requested that the two co-defendants be separated. We also find that the district court's determination that the guidelines cal-

2

led for an upward adjustment when such a threat is made is not clearly erroneous. An indirect threat against a witness is a sufficient ground for an obstruction of justice enhancement. <u>See</u> USSG § 3C1.1, comment. (n.3).

In accordance with the requirements of <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal. Accordingly, Newkirk's convictions and sentence are affirmed. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3